IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DEBRA A. ORTIZ-RIVERA, et al.,**

   **Plaintiffs,**

      v.                                                              Civil No. 09-2281 (GAG)

**UNITED STATES OF AMERICA,**

   **Defendant.**

**OPINION AND ORDER**

On December 23, 2009, plaintiffs Debra A. Ortiz-Rivera, on her own behalf and on behalf of the estate of her late husband Carlos A. Torres-Figueroa, and on behalf of her minor child Chloe Caridad Torres-Ortiz; Carlos A. Torres-Ortiz; and Angelique Glory Torres-Ortiz ("Plaintiffs") filed this action against the United States of America ("Defendant"). Plaintiffs brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., alleging medical malpractice due to the alleged negligence of the personnel of the Department of Veterans Affairs. Before the court is Defendant's unopposed motion to dismiss. For the reasons set forth herein, the court **GRANTS** Defendant's motion to dismiss (Docket No. 7).

**I.   Standard of Review**

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Because federal courts have limited jurisdiction, the court never presumes jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (citing Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court accepts as true all

**Civil No. 09-2281 (GAG)**                             2

well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. See id.; Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).

## II.   Factual & Procedural Background

The following facts are alleged in Plaintiffs' complaint and are recited in Defendant's motion to dismiss:

> 1. On November 17, 2003, plaintiff Carlos A. Torres-Figueroa underwent an elective coronary bypass graft surgery at the San Juan Veterans Affairs Medical Center in San Juan, Puerto Rico.
>
> 2. Plaintiffs filed an administrative claim that was received by the Department of Veterans Affairs ("VA") on November 17, 2005 alleging negligence against the VA's personnel.
>
> 3. Not having received any notice of a final decision from the VA, Plaintiffs filed their first complaint ("first complaint"), Civil Case No. 07-2096 (JAF), against the United States on November 16, 2007, in the United States District Court for the District of Puerto Rico.
>
> 4. On March 26, 2008, the VA sent a letter to Plaintiffs' attorney informing them that their administrative claim was denied.
>
> 5. On January 8, 2009, Plaintiffs' first complaint was dismissed without prejudice.
>
> 6. On December 23, 2009, Plaintiffs filed the complaint at bar (the "instant complaint").

## III.   Discussion

### A.   FTCA Statute of Limitations

Defendant claims that the instant complaint is time-barred because it was presented after the FTCA's six-month filing period.

A complaint in the District Court must be filed within six months of the administrative agency's denial of the claim. 28 U.S.C. § 2401(b). However, before bringing an FTCA claim in federal court, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Furthermore, "the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." 28 U.S.C. § 2675(a).

**Civil No. 09-2281 (GAG)**                                         3

### 1.   Filing of First Complaint

Here, Plaintiffs filed their administrative claim with the VA on November 17, 2005, before initiating a district court action against the United States as required by 28 U.S.C. § 2675(a). Since the VA did not render a final decision on the administrative claim within six months, Plaintiffs were permitted to assume that the agency denied their claim and file an action against the United States in district court. 28 U.S.C. § 2675(a). On November 16, 2007, Plaintiffs filed their first complaint in this court, thus making the VA's denial of their administrative claim final. On January 8, 2009, Plaintiffs' first complaint was dismissed without prejudice.

### 2.   Federal Agency's Letter of Denial and Filing of Instant Complaint

Despite the fact that Plaintiffs had already deemed their administrative claim denied, the VA mailed a letter to Plaintiffs on March 26, 2008, notifying them that their claim was denied. Plaintiffs filed the instant complaint on December 23, 2009, more than one year after the VA mailed notice of denial. Defendant contends that the instant complaint is time-barred because it was filed outside the six-month limitations period.

In Diaz v. United States, the court ruled that even though the plaintiffs' first complaint was voluntarily dismissed without prejudice, the FTCA's limitations period started running once the federal agency mailed notification of its denial. 561 F. Supp. 2d 222, 226-27 (D.P.R. 2008). Similarly, Plaintiffs in the case at bar filed the instant complaint over one year after the VA mailed the letter of denial. Thus, Plaintiffs' instant complaint is time-barred unless equitable tolling applies.

## B.   Equitable Tolling

A timely filed claim is a jurisdictional requirement of the FTCA. Diaz, 561 F. Supp. 2d at 227 (citing Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997)). Therefore, "failure to comply with the FTCA's statute of limitations means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it." Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

Equitable tolling, however, "is an exception [to the statute of limitations]" under extraordinary circumstances. Velazquez Sanchez v. United States, 134 F. Supp. 2d 211, 216 (D.P.R. 2001) (citing Hernandez Arce v. Bacardi Corp., 37 F. Supp. 2d 112, 114 (D.P.R. 1999)). The Supreme Court in Irwin v. Department of Veterans Affairs describes certain situations where

**Civil No. 09-2281 (GAG)**                    4

equitable tolling suspends the statute of limitations.[1]  However, the plaintiffs bear the burden of persuading the court that their complaint is subject to equitable tolling.  <u>Velazquez Sanchez</u>, 134 F. Supp. 2d at 216.

Here, Plaintiffs did not oppose Defendant's motion to dismiss and, therefore, failed to show extraordinary circumstances justifying equitable relief.

However, even if Plaintiffs had argued that the limitations period should be equitably tolled between the time they filed the first complaint and its dismissal, the instant complaint would still be time-barred.  In <u>de Casenave v. United States</u>, the court refused to toll the FTCA's limitations period during the pendency of the first complaint.  991 F.2d 11, 13-14 (1st Cir. 1993).  The plaintiffs waited in excess of four months to file their first lawsuit and waited in excess of five months after its dismissal to refile their complaint.  <u>Id.</u>  The court ruled that this delay in filing could not be remedied by equitable tolling principles.  Similarly, the instant complaint would be time-barred as Plaintiffs filed said complaint over one year after the first complaint was dismissed by this court.

**IV. Conclusion**

For the aforementioned reasons, the court **GRANTS** the defendant's motion to dismiss.

**SO ORDERED**.

In San Juan, Puerto Rico this 2nd day of August, 2010.

---

[1] The Supreme Court in <u>Irwin v. Department of Veterans Affairs</u>, stated that:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. 89, 96 (1990).

**Civil No. 09-2281 (GAG)**  5

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ
United States District Judge